# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **DANIEL JASON WALKER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | NO. 3:18-cv-00618 |
| ) | CHIEF JUDGE CRENSHAW |
| **STEWART COUNTY, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM OPINION

Daniel Jason Walker, an inmate at the Stewart County Detention Center in Dover, Tennessee, filed this *pro se* civil rights action under 42 U.S.C. § 1983 against Stewart County, Sheriff Wyatt, Rick Joyner, and Lt. Angie Lemons. (Doc. No. 1.) Plaintiff also filed two applications to proceed in this Court without prepaying fees and costs. (Doc. Nos. 4 and 6.)

**I.  Application to Proceed as a Pauper**

The Court may authorize a prisoner to file a civil suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Because it appears from Plaintiff's *in forma pauperis* applications (Doc. Nos. 4 and 6) and related materials (Doc. No. 7) that he lacks sufficient financial resources from which to pay the full filing fee in advance, his applications (Doc. Nos. 4 and 6) will be granted. Plaintiff must nonetheless pay the $350.00 filing fee, so the fee will be assessed as directed in the accompanying Order. 28 U.S.C. § 1915(b)(1).

**II.  Initial Review**

Under the screening requirements of the Prison Litigation Reform Act ("PLRA"), the Court must conduct an initial review and dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who

is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2)(B); 42 U.S.C. § 1997e(c)(1). The Court must also construe a *pro se* complaint liberally, United States v. Smotherman, 838 F.3d 736, 739 (6th Cir. 2016) (citing Erickson v. Pardus, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. See Thomas v. Eby, 481 F.3d 434, 437 (6th Cir. 2007) (citing Denton v. Hernandez, 504 U.S. 25, 33 (1992)).

### A. Factual Allegations

Plaintiff alleges that he had surgery on his arm, and that the doctor "ordered daily dressing changes because the wound was left open to drain." (Doc. No. 1 at 3.) Four days after the surgery, Plaintiff was arrested. (Id.) He was then brought to the booking area of the Stewart County Detention Center, where he was "repeatedly denied any medical attention." (Id.) At some point, Plaintiff visited a jail doctor and the doctor ordered "daily dressing changes." (Id.) Either Plaintiff or an "untrained officer" performed the daily dressing changes because the jail has "no medical staff." (Id.) A shift sergeant at the jail threatened to "put [Plaintiff's] face in the concrete" if Plaintiff removed his bandages. (Id.) Over an approximately two week period, Plaintiff saw trained medical staff two or three times. (Id.) His surgeon's office called "repeatedly" over this period requesting that Plaintiff be brought to the office for an appointment, but these calls were not returned. (Id.) Plaintiff alleges that he has pain in his arm due to inadequate medical care, and requests monetary damages. (Id. at 3–4.)

### B. Standard of Review

To determine whether a prisoner's complaint "fails to state a claim on which relief may be granted" under the PLRA's screening requirements, the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations in the complaint as true, [and]

2

'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009)). An assumption of truth does not, however, extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson, 551 U.S. at 94 (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

### C. Discussion

"To prevail on a cause of action under § 1983, a plaintiff must prove '(1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law.'" Winkler v. Madison Cty., 893 F.3d 877, 890 (6th Cir. 2018) (quoting Shadrick v. Hopkins Cty., 805 F.3d 724, 736 (6th Cir. 2015)).

#### 1. Dismissal of Individual Defendants

Plaintiff names Sheriff Wyatt, Mayor Rick Joyner, and Lt. Angie Lemons as defendants. In the list of parties, Plaintiff refers to Lt. Lemons as an "Administrator" at the Stewart County Detention Center. (Doc. No. 1 at 2.)

Plaintiff fails to state a claim against Defendants Wyatt, Joyner, and Lemons because he does not make any specific allegations against them in the body of the complaint. Even under the liberal construction afforded to *pro se* plaintiffs, the Court "is not required to accept non-specific factual allegations and inferences," and a plaintiff "must allege that the defendants were personally involved in the alleged deprivation of federal rights." Frazier v. Michigan, 41 F. App'x 762, 764 (6th Cir. 2002) (citations omitted) (affirming dismissal of a *pro se* prisoner's complaint for failure to state a claim where the plaintiff "failed to allege with any degree of specificity which of the

3

named defendants were personally involved in or responsible for each of the alleged violations of his federal rights"). To the extent that Plaintiff seeks to hold these three defendants liable as supervisors of the Stewart County Detention Center, "Section 1983 liability must be premised on more than mere respondeat superior, the right to control one's employees." Everson v. Leis, 556 F.3d 484, 496 (6th Cir. 2009) (citing Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999)). A claim against a supervisory official "must fail . . . unless 'the supervisor encouraged [a] specific incident of misconduct or in some other way directly participated in it.'" Cardinal v. Metrish, 564 F.3d 794, 802–03 (6th Cir. 2009) (quoting Combs v. Wilkinson, 315 F.3d 548, 558 (6th Cir. 2002)). As stated above, Plaintiff does not makes any allegations against these three defendants, much less allege that they directly participated in any specific instances of misconduct. Accordingly, Sheriff Wyatt, Mayor Rick Joyner, and Lt. Angie Lemons will be dismissed as defendants.

### 2. Inadequate Medical Care Claim against Stewart County

Plaintiff also names Stewart County as a defendant in the caption of the complaint. (Doc. No. 1 at 1.) For the purpose of conducting an initial review, the Court assumes that Plaintiff may state a Section 1983 claim against a municipality despite failing to state a claim against any named individual defendants. See Winkler, 893 F.3d at 900–01 (collecting cases from the Ninth, Eighth, and Third Circuits "conclud[ing] that a municipality may be held liable under § 1983 in certain cases where no individual liability is shown," but declining to decide whether the same is true under Sixth Circuit precedent).

Plaintiff alleges that he is a pretrial detainee at the Stewart County Detention Center, and asserts a claim for inadequate medical care. (Id. at 1, 3.) The Due Process Clause of the Fourteenth Amendment provides a right for pretrial detainees to be free from "cruel and unusual punishment,"

4

which is violated "when prison doctors or officials are deliberately indifferent to [their] serious medical needs." Richmond v. Huq, 885 F.3d 928, 937 (6th Cir. 2018). The Sixth Circuit recently reaffirmed that district courts should analyze claims by pretrial detainees for denial of adequate medical treatment "under the same rubric" as claims by convicted prisoners under the Eighth Amendment. Id. at 937–38 & n.3 (quoting Villegas v. Metro. Gov't of Nashville, 709 F.3d 563, 568 (6th Cir. 2013)). "A constitutional claim for deliberate indifference contains both an objective and a subjective component. The objective component requires a plaintiff to show the existence of a 'sufficiently serious' medical need." Dominguez v. Corr. Med. Servs., 555 F.3d 543, 550 (6th Cir. 2009) (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)). "The subjective component, in contrast, requires a plaintiff to 'allege facts which, if true, would show that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk.'" Id. (quoting Comstock v. McCrary, 273 F.3d 693, 703 (6th Cir. 2001)).

A county or other municipality may be subject to liability under Section 1983 only "if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." Connick v. Thompson, 563 U.S. 51, 60 (2011) (quoting Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 692 (1978)). To state a claim against a municipality, a plaintiff must demonstrate that his "constitutional rights were violated and that a policy or custom of the municipality was the 'moving force' behind the deprivation." Miller v. Sanilac Cty., 606 F.3d 240, 255–56 (6th Cir. 2010) (quoting Powers v. Hamilton Cty. Pub. Def. Comm'n, 501 F.3d 592, 606–07 (6th Cir. 2007)). A plaintiff may demonstrate that a municipality was deliberately indifferent "by proof that [it] 'knows that inmates face a substantial risk of serious

harm and disregards the risk by failing to take reasonable measures to abate it.'" Richmond, 885 F.3d at 948 (quoting Blackmore v. Kalamazoo Cty., 390 F.3d 890, 900 (6th Cir. 2004)).

Here, the Court will not dismiss Plaintiff's claim against Stewart County for inadequate medical care at this juncture. As to the objective component of his deliberate-indifference claim, Plaintiff alleges that he had an open, draining wound on his arm that required daily bandage changes when he was arrested four days after surgery. He alleges that this condition continued for at least two weeks at the Stewart County Detention Center, during which he suffered pain in his arm. These alleged medical needs are sufficiently serious. As to the subjective component, Plaintiff's allegations also reflect that Stewart County was aware of his medical needs—he requested medical care in the booking area of the Stewart County Detention Center after he was arrested, and the office of the doctor who performed his surgery repeatedly called the jail requesting that Plaintiff be transported to the office for an appointment. Although Plaintiff alleges that he saw trained medical staff two or three times over a two week period, he also alleges that Stewart County deliberately disregarded his medical needs in at least two ways. First, jail staff denied him medical attention in the booking area, and second, either Plaintiff himself or an "untrained officer" performed the daily bandage changes. Finally, liberally construing the complaint in Plaintiff's favor, he alleges that Stewart County caused him to be subjected to this deliberate indifference through a policy or custom of having "no medical staff" at the Stewart County Detention Center. Thus, for the purpose of initial review, the Court concludes that Plaintiff has stated a deliberate-indifference claim against Stewart County.

### III. Conclusion

For these reasons, Plaintiff's applications to proceed *in forma pauperis* (Doc. Nos. 4 and 6) will be granted, and his claim against Stewart County for deliberate indifference to serious

medical needs will be referred to the Magistrate Judge for further proceedings consistent with the accompanying Order. All other claims and defendants will be dismissed.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE