UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DANIEL JASON WALKER,<br><br>    Plaintiff,<br><br>v.<br><br>STEWART COUNTY, et al.,<br><br>    Defendants. | Case No. 3:18-cv-00618<br><br>Chief Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Alistair E. Newbern |

To:     The Honorable Waverly D. Crenshaw, Jr., Chief District Judge

## REPORT AND RECOMMENDATION

In this action, pro se and *in forma pauperis* Plaintiff Daniel Jason Walker alleges that, while he was incarcerated as a pretrial detainee at the Stewart County Detention Center (SCDC) in Dover, Tennessee, he was denied medical treatment related to his recovery from surgery on his arm. (Doc. No. 1.) Stewart County, the only remaining defendant in this action, has filed a motion for summary judgment and supporting documents. (Doc. Nos. 16–20.) Walker has not responded to that motion, nor has he responded to the Court's order directing him to show cause why this action should not be dismissed for failure to prosecute. (Doc. No. 21.) Because it appears that Walker has abandoned this action, the Magistrate Judge will recommend that it be dismissed without prejudice for failure to prosecute and that Stewart County's pending motion for summary judgment (Doc. No. 16) be found moot.

### I.     Factual and Procedural Background

Walker filed this action under 42 U.S.C. § 1983 on July 9, 2018, while detained at the SCDC, naming SCDC Sheriff Wyatt, SCDC Administrator Lt. Angie Lemons, and former Stewart County Mayor Rick Joiner as defendants. (Doc. No. 1.) In his complaint, Walker alleges that, four

days before his arrest and incarceration at the SCDC, he had surgery on his arm and his doctor prescribed daily dressing changes for the open wound. (*Id.*) Walker's repeated requests for medical attention at the SCDC were denied, causing him and an untrained officer to attempt to change the bandages themselves. (*Id.*) Walker only saw medical staff two or three times during the two weeks he spent at SCDC, and SCDC staff ignored calls from Walker's doctor requesting that Walker be brought in for a follow-up appointment. (*Id.*) Walker states that his arm is still in pain due to the inadequate care he received at SCDC, and he seeks $500,000.00 in damages. (*Id.*)

The Court screened Walker's complaint under the Prison Litigation Reform Act, 28 U.S.C. §§ 1915(e)(2) and 1915A, and found that Walker had stated a colorable Eighth Amendment claim under 42 U.S.C. § 1983 against Stewart County, but dismissed all other defendants and claims. (Doc. Nos. 8, 9.) The Court instructed Walker to complete a service packet for Stewart County so that process could issue. (Doc. No. 9.) The Court also warned Walker that failure to return the service packet or keep the Clerk's Office informed of his current address at all times would jeopardize his prosecution of this action. (*Id.*) A copy of the Court's screening order mailed to Walker was returned as undeliverable, noting that Walker was no longer incarcerated at SCDC (Doc. No. 15). No summons for Stewart County was issued.

Nonetheless, Stewart County answered Walker's complaint (Doc. No. 12) and has filed a motion for summary judgment, arguing that Walker's claim fails on the merits (Doc. Nos. 16, 17). On August 22, 2019, the Court found that Walker had failed to file a timely response to Stewart County's motion for summary judgment and ordered Walker to show cause by September 12, 2019, why this action should not be dismissed for the reasons stated in the County's motion or for Walker's failure to prosecute his claims. (Doc. No. 21.) Walker has not responded to the Court's order, which was mailed to Walker and returned as undeliverable (Doc. No. 22).

## II. Legal Standard

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the Court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."). Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F.3d at 736 (quoting *Knoll*, 176 F.3d at 363). The Sixth Circuit therefore affords district courts "substantial discretion" regarding decisions to dismiss for failure to prosecute. *Id.*

Courts look to four factors for guidance when determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Knoll*, 176 F.3d at 363 (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)). Under Sixth Circuit precedent, "none of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.* (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)); *see also Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004) (finding that dismissal with prejudice "is justifiable in any case in which 'there is a clear record of delay or contumacious conduct on the part of the plaintiff'" (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591

3

(6th Cir. 2001))). Because dismissal without prejudice is a relatively lenient sanction as compared to dismissal with prejudice, the "controlling standards should be greatly relaxed" for Rule 41(b) dismissals without prejudice where "the dismissed party is ultimately not irrevocably deprived of his [or her] day in court." *Muncy*, 110 F. App'x at 556 (citing *Nwokocha v. Perry*, 3 F. App'x 319, 321 (6th Cir. 2001)).

This Court's Local Rules provide that "[a] party proceeding *pro se* must keep the Court and opposing parties apprised of the *pro se* party's current address and other contact information, such as telephone number and email address, if any." M.D. Tenn. R. 41.01(b) (dismissal for failure of pro se plaintiff to keep court apprised of current address). A pro se plaintiff's failure to do so "may result in dismissal of the action with or without prejudice." *Id.* Where, as here, noncompliance with a local rule is a ground for dismissal, "the behavior of the noncomplying party [must] rise[] to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick & GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999).

**III.    Analysis**

Walker has failed to keep the Court apprised of his current address, failed to respond to the pending motion for summary judgment, and ignored the Court's show-cause order, unduly delaying this action. Walker's remaining claim should therefore be dismissed without prejudice.

**A.    Fault**

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*, 261 F.3d at 591)). Walker actively participated in this litigation before his release from the SCDC (Doc. Nos. 1, 4, 6, 7), showing that he is capable of pursuing his claims when he is so inclined.

Even if Walker's failure to respond to Stewart County's motion for summary judgment and the Court's show-cause order and failure to keep the Court apprised of his current address were not driven by bad faith, Walker's inaction still reflects "willfulness and fault" for purposes of Rule 41(b). *Hatcher v. Dennis*, No. 1:17-cv-01042, 2018 WL 1586235, at *1 (W.D. Tenn. Mar. 30, 2018); *see also Bryant v. Warden, Franklin Cty. Corr. Ctr.*, No. 2:17-CV-00335, 2017 WL 6520874, at *2 (S.D. Ohio Dec. 4, 2017) (finding that plaintiff's "failure to update his address constitute[d] willfulness, bad faith, or fault, because it demonstrate[d] reckless disregard for how his actions, or inactions, impact his case"), *report and recommendation adopted*, 2017 WL 6508595 (S.D. Ohio Dec. 20, 2017). This factor supports dismissal.

**B.     Prejudice**

The Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F.3d at 707 (second alteration in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F.3d at 739 (same). Such prejudice typically arises in the discovery context. *See, e.g.*, *Harmon*, 110 F.3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony"). Notably, time and effort spent on "typical steps in the early stages of litigation[,]" such as answering a complaint or filing pretrial motions to advance the defendant's position, are not actions "necessitated by any lack of cooperation" and therefore do not weigh in favor of dismissal for failure to prosecute. *Schafer*, 529 F.3d at 739. The Sixth Circuit has explained that "[i]f such efforts . . . [were] alone sufficient to establish prejudice" for the purpose of Rule 41(b),

5

"then every defendant who answers a complaint and responds minimally to a lawsuit would be able to claim prejudice[,]" a "result [that] would defy common sense." *Id.* at 740.

Here, Stewart County has answered the complaint and filed a motion for summary judgment before any discovery had taken place. (Doc. Nos. 12, 16.) Those steps were not necessitated by Walker's delay. *See Schafer*, 529 F.3d at 739. Consequently, the record does not demonstrate that Stewart County has wasted substantial time, money, or effort due to a lack of cooperation by Walker. This factor weighs against dismissal.

### C.     Prior Notice

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Id.* at 740 (quoting *Stough*, 138 F.3d at 615). Here, the Court warned Walker that failure to provide a current mailing address could jeopardize his prosecution of this action. (Doc. No. 9.) The Court also expressly warned Walker that his failure to respond to the Court's show-cause order could lead to a recommendation of dismissal. (Doc. No. 21.) This factor therefore supports dismissal. *Schafer*, 529 F.3d at 740; *see also Wright*, 2013 WL 1729105, at *3 (granting motion to dismiss for failure to prosecute where Court's orders to show cause warned plaintiff "that her conduct could result in dismissal").

### D.     Appropriateness of Other Sanctions

The less-drastic sanction of dismissal without prejudice is the appropriate result here. That is so even though Stewart County has filed a motion for summary judgment. *See Watsy v. Richards*, No. 86-1856, 1987 WL 37151, at *1 (6th Cir. Apr. 20, 1987) (affirming dismissal of action for failure to prosecute where plaintiff had not provided the court with a current mailing address or responded to the defendants' motion for summary judgment); *Thomas-Wilson v. Green Tree Servicing LLC*, No. 3:14-CV-01968, 2016 WL 4775738, at *1 (M.D. Tenn. Jan. 15, 2016) (dismissing pro se plaintiff's claims without prejudice for failure to prosecute and finding

defendants' pending motion for summary judgment moot). Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits." *Muncy*, 110 F. App'x at 557 n.5. That sanction is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se. *See Mulbah*, 261 F.3d at 591 (noting that the four-factor test is applied "more stringently where the conduct of a plaintiff's attorney is the reason for dismissal").

**IV.     Recommendation**

Considering the above four factors, the Magistrate Judge RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE under Federal Rule of Civil Procedure 41(b) and Local Rule 41.01(b) and that Stewart County's motion for summary judgment (Doc. No. 16) be FOUND MOOT.

Any party has fourteen days after being served with this report and recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 11th day of October, 2019.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge